PROST, Circuit Judge,
concurring.
I join this opinion in all respects except one — the majority’s discussion of the permanent injunction standard. The majority opines that “[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement.” Majority Op. 1314. To the extent that one reads this statement as creating the presumption of an injunction once the plaintiff prevails, which must be rebutted by the defendant, that is not the law.
Nor do the selected portions of eBay cited by the majority provide support for its position. First, while I agree with the majority that in eBay the Supreme Court did not cancel 35 U.S.C. § 154, the majority overlooks the Court’s explanation that “the creation of a right is distinct from the provision of remedies for violations of that right,” such that “injunctive relief ‘may’ *1317 issue only ‘in accordance with the principles of equity.’ ” eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (quoting 35 U.S.C. § 283). Second, the majority excludes from its analysis the four-factor equitable standard, the preamble of which states that “the plaintiff must demonstrate” these factors. Indeed, the majority’s analysis might be read to suggest that the defendant, not the plaintiff, bears the burden of establishing the equitable factors.
Some complain of areas of patent law in which our guidance is mixed or muddled. This is not — or should not be — one of those areas after the Supreme Court’s clear pronouncement in eBay. eBay made clear that there is no general rule that a successful plaintiff is entitled to an injunction; rather, the plaintiff bears the burden of establishing the four equitable factors that weigh in its favor in order to obtain a permanent injunction. We should take care to avoid possible misinterpretation of an otherwise clear Supreme Court standard. Because the majority’s statements appear to me to deviate from the standard articulated by the Supreme Court and our court, I respectfully concur. See Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1149 (Fed.Cir.2011) (recognizing that “eBay abolishes our general rule that an injunction normally will issue when a patent is found to have been valid and infringed”).